IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**ISRAEL HERRERA,**<br>Defendant. | 6:20-CR-00067-ADA |

### ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 362)

Came now for consideration is Defendant Israel Herrera's February 23, 2022, Motion for Expedited Reconsideration of Sentence. ECF No. 362. Defendant was sentenced on February 9, 2022, to 120 months imprisonment, with four years of supervised release to follow for Conspiracy to Possess With Intent to Distribute and Conspiracy to Distribute Methamphetamine, a Schedule II Controlled Substance. ECF No. 358. Defendant asks this Court to reconsider her sentence imposed so this Court can consider Defendant's objections to the Pre-Sentence Report ("PSR") that were waived at sentencing. ECF No. 362. Defendant claims those objections were not knowingly and intelligently waived. *Id.* She asks for a downward departure based on those objections. *Id.*

Federal Rule of Criminal Procedure 35 gives a district court authority to correct a sentence within 14 days of sentencing if the sentence resulted from arithmetical, technical, or other clear error. FED. R. CRIM. P. 35(a). A court's ability to correct is a "narrow authority" which "extends solely to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Jackson*, 798 Fed. Appx. 793, 799 (citing *United States v. Olarte-Rojas*, 820 F.3d 798, 803-04 (5th Cir. 2016)).

Here, there was no arithmetical or technical error in the calculation of Ms. Herrera's sentence. To the extent that she argues that her lack of knowing and intelligent waiver constitutes clear error, this Court disagrees. Whether a defendant may have knowingly and intelligently agreed to the relevant conduct in a PSR is not grounds for reconsideration. *See United States v. Vineyard*, 539 F.3d 589, 593 (7th Cir. 2008) (finding that rule 35 did not apply). The Court finds that there was no clear error in Defendant's sentencing.

For the foregoing reasons, Defendant's Motion for Expedited Reconsideration of Sentence (ECF No. 362) is **DENIED**.

SIGNED this 8th day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE